Teresa Ann **LENTZ**, Appellee,

v.

Gary Benton **LENTZ**, Appellant.

Supreme Court of Tennessee,
at Knoxville.

Oct. 6, 1986.

Rehearing Denied Nov. 10, 1986.

A. Thomas Monceret, William C. Cremins, Knoxville, for appellant.

Judith R. Whitfield, DePersio & Whitfield, Oakridge, for appellee.

OPINION

COOPER, Justice.

Teresa Lentz brought this action seeking a decree of divorce from Gary Lentz, primarily on the ground of cruel and inhuman treatment, and seeking custody of the three minor children born during the period of marriage. Gary Lentz filed a cross-complaint seeking a decree of divorce on the ground of adultery, and also seeking custody of the children. During the proceedings the parentage of the youngest child became an issue. At the insistence of Mr. Lentz, a blood-grouping test was made which showed that Mr. Lentz was not the father. The chancellor granted Mr. Lentz a decree of divorce and custody of the two oldest children. Custody of the youngest child was left with Mrs. Lentz under the belief that the chancery court is without jurisdiction to award custody of a child to anyone other than the mother, where it is proven that the husband is not the father of the child. We agree with the giving of custody of the youngest child to Mrs. Lentz, but do so on the basis that it is in the manifest best interest of the child, not on the basis that the chancery court does not have jurisdiction to award custody of the child.

■ Chancery court has jurisdiction of divorce actions, and has the authority to decree custody of minor children under the control of either of the parties. The grant of custody can be to one or both of the parties, or to some suitable agency or person, as the welfare and interest of the minor children may require. See T.C.A. 36–6–101. In divorce proceedings involving the protection of minor children, the court sometimes is called upon to resolve a factual issue with respect to paternity, but a finding that the husband is not the father of one of the children born during the marriage period does not affect the jurisdiction of chancery court to protect the child. While the parentage of a child is a major, and often the determinative, factor in deciding who shall have custody of the child, the overriding issue is what is in the best interest of the child. See Bryan v. Bryan, 620 S.W.2d 85, 87 (Tenn.App.1981); Bevins v. Bevins, 53 Tenn.App. 403, 383 S.W.2d 780 (1964). See also Logan v. Logan, 26 Tenn.App. 667, 176 S.W.2d 601, 603 (1943), wherein it is pointed out that:

All our cases recognize that the welfare of the child is the paramount consideration, and that ordinarily a child's welfare will be better fostered with its parents than with other persons.

Support of the child, if custody is placed with someone other than the natural parent, is the obligation of the natural parent. See T.C.A. § 36–6–101.

■ In this case, the wife admitted an adulterous affair. Despite the admission, the husband pursued the point and demanded a blood-grouping test to determine if he were the father of the youngest child. Having found he was not, he now says that he loves the child as he does the two oldest children and can treat her as his own, if he is given custody. We find this hard to reconcile with his efforts to prove he is not the father. But in any event, our reading of the record convinced us that it is in the best interest of the child that she remain in the custody of her natural mother. Mrs. Lentz has had the custody of the child since birth. The child is healthy and has developed normally. No complaints were made as to her treatment or supervision of the child until after the divorce action was filed, and those were directed primarily to Mrs. Lentz's ability as a housekeeper and her admitted relationship with the pastor of the church, which culminated in the birth of the child.

■ Mr. Lentz also takes issue with the order of the chancellor, approved by the Court of Appeals that Mrs. Lentz contributed $25.00 per week towards the support of the two children in the custody of Mr. Lentz. The payments are to cease upon Mr. Lentz resuming work as a boilermaker at the wage he was making prior to his unemployment. Mr. Lentz insists that the amount is inadequate and that the order is

a form of gender based discrimination. There is nothing in the record to support either insistence. The support payments in this case were determined by the relative earning capacity of each party, and the further fact that Mrs. Lentz has the responsibility of supporting a third child. We agree with the Court of Appeals that the support payments ordered are reasonable under the circumstances.

Decree affirmed. Costs incident to the appeal are adjudged against Gary Lentz and his surety.

BROCK, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.