BRIDGET C. RASMUSSEN,           )
                                ) Montgomery Chancery
        Plaintiff/Appellant,    ) No. 95-07-0128
                                )
VS.                             )
                                ) Appeal No.
LEIF C. RASMUSSEN,              ) 01-A-01-9705-CH-00211
                                )
        Defendants/Appellees.   )

FILED

December 12, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE

HONORABLE ALEX W. DARNELL, CHANCELLOR


Kevin C. Kennedy, #010793
127 South Third Street
Clarksville, TN 37040
ATTORNEY FOR PLAINTIFF/APPELLANT

Gary J. Hodges, #1605
115 South Third Street
P.O. Box 645
Clarksville, TN 37041-0645
ATTORNEY FOR DEFENDANT/APPELLEE


AFFIRMED AND REMANDED
WITH INSTRUCTIONS



                    HENRY F. TODD
                    PRESIDING JUDGE, MIDDLE SECTION








CONCUR:
BEN H. CANTRELL, JUDGE

DISSENT IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

BRIDGET C. RASMUSSEN,                  )
                                       ) **Montgomery Chancery**
      **Plaintiff/Appellant,**         ) **No. 95-07-0128**
                                       )
**VS.**                                )
                                       ) **Appeal No.**
**LEIF C. RASMUSSEN,**                 ) **01-A-01-9705-CH-00211**
                                       )
      **Defendants/Appellees.**       )

# O P I N I O N

On November 26, 1996, the plaintiff, Bridget C. Rasmussen filed a notice of appeal from the judgment of this Court entered in this action on the 4th and 7th day of November, 1996. The order entered on November 4, 1996, was entitled "Final Decree of Divorce." The order entered on November 7, 1996, stated that it was entered upon the motion by the complainant and the petitions of the defendant regarding visitation of the complainant, Bridget C. Rasmussen. The resulting record was filed in this Court on February 3, 1997, under No. 01A01-9701-CH-00045.

On March 17, 1997, the plaintiff, Bridget C. Rasmussen filed a notice of appeal from the judgments of this Court entered in court orders of the Final Decree of November 4, 1996, the Court Order of November 7, 1996, and the Court Order of March 3, 1997. The March 3, 1997, order states:

> This matter came to be heard before the Honorable Alex W. Darnell, Chancellor for the Chancery Court of Montgomery County, Tennessee, and it appearing to the Court that there should be no award of alimony and that the parties have divided the property of the marriage.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that there is no award of alimony in this matter.
>
> 2.    IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the property of the marriage has been divided by the parties.

The resulting record was filed with the Clerk of this Court on May 16, 1997, under No. 01A01-9705-CH-00211.

On May 19, 1997, counsel for appellant wrote the Clerk of this Court requesting that the two appeals be consolidated, but no motion was made to this Court and no consolidation order has been entered by this Court. Nevertheless, the parties have filed their briefs and otherwise treated the two appeals as consolidated. For judicial economy, this opinion will discuss and dispose of both appeals.

Except as indicated, the following facts are undisputed:

The parties were married September 4, 1993, at which time the husband was a member of the armed forces stationed at Ft. Campbell, Kentucky near Clarksville, The wife attended Austin Peay State University and was employed in a diagnostic center. Their only child, a son, was born September 7, 1994. The parties separated about July 1995. The wife moved to Virginia to live with her parents. At the time of the trial, the husband's station had been moved to Arizona for an expected term of four years.

On October 25, 1996, the Trial Judge filed his opinion containing the following:

> Jessie Summer, Kimberly Lascottie, Cliff and Elizabeth Mullens, Aaron Peeks, Patrick and Alex Galvin, Jessie Summer, Jr., and Kelly Carlton gave testimony that was generally unfavorable to Ms. Rasmussen. The collective testimony of these persons would substantiate an unnatural relationship of Ms. Rasmussen with another woman. It would also show that Bridget became upset when she had to deal with the child and did not do a very good job. They would all generally agree that the Rasmussens'' cursed at each other, to an extent that it was very obvious. The Court does not choose to recite all the testimony of these parties on which notes were taken but only that they detail some inappropriate statements of Ms. Rasmussen and that she had not given quality treatment to her child.
>
> The cumulative evidence in this cause places Bridget Rasmussen in a more unfavorable position than Leif Rasmussen. The Court believes that, although Bridget provided the most care for the child, it was provided in some measure, under protest. Ms. Rasmussen has not been willing to sever her emotional ties to Joanne Darshay even when the care of the child was affected.
>
> The Court is of the opinion that the best interest of the

child would be served by creating a joint custody arrangement. Leif C. Rasmussen would be designated as the primary custodian of the child. As such he would have the authority to choose the child care givers and medical personnel who might treat the child. The hours in which each party would have the child in their personal care would be the same as in the Order in this cause filed for record on October 20, 1995. The Court believes this would be appropriate inasmuch as the parties have followed this directive for over a year and both live in near proximity of the other. In the event that either party were to remove himself or herself from the immediate area of Clarksville, Tennessee, they should make a written proposal to the other party and try to reach some agreement for future visitation in the event of such a move. If no agreement is forthcoming the burden shall be on the person seeking to move to file a petition for a declaration by the Court.

Due to the near equal care to the child by the parties Mr. Rasmussen shall pay the child care provider and Bridget Rasmussen shall pay to Mr. Rasmussen for support the sum of $175.00 per month.

The order entered on November 4, 1996, provided for extensive and detailed visitation and shared expense of travel.

The order of November 7, 1996, contained further details of transfer of physical custody of the child from time to time.

Upon arrival of the record in the first appeal, the appeal was dismissed by this Court for lack of a final judgment and the cause was remanded for adjudication of the issues of property division and alimony.

On February 14, 1997, the plaintiff-wife filed in the trial court the following motion:

Come now the Complainant, Bridget C. Rasmussen, by and through her attorney of record, Kevin C. Kennedy, pursuant to a request from the Court of Appeals, and respectfully moves this Honorable Court for a ruling on the issues of alimony and distribution of property.

On March 17, 1997, the plaintiff-wife filed the second notice of appeal mentioned above.

The appellant-wife presents the following issues for review:

I.
Whether joint custody is in the best interest of the parties' minor child?

II.
Whether the evidence in the record preponderates in favor of an award of custody of the parties' minor child to the appellant?

The appellee-husband states the issue as follows:

I.    Whether the Trial Court abused its discretion by virtue of awarding the parties' joint custody of their minor child, and awarding the Appellee primary care, custody and control of said child?

It is seen that the only issue for resolution in this appeal is custody of the minor child of the parties.

Appellant-wife insists that the award of joint custody is unreasonable, but concedes that the Trial Courts have broad discretion in matters of child custody which discretion should not be disturbed on appeal in the absence of clear error in exercise of the discretion. *Gray v. Gray*, Tenn. App. 1994, 885 S.W.2d 353; *Riddick v. Riddick*, Tenn. App. 1973, 497 S.W.2d 740. The welfare and best interest of the child is the prime consideration. *Lentz v. Lentz*, Tenn. 1986, 717 S.W.2d 876.

Appellee-husband argues that the proven behavior of the wife with an admitted lesbian is sufficient to disqualify her for primary custody of the child. The wife denies that she is a lesbian, but admits to a friendship with an admitted lesbian and that she (the wife) spent several nights with the admitted lesbian during the marriage, insists that association with an admitted lesbian does not disqualify her to act as principal custodian of a natural child.

In the present case, the detrimental effect of lesbianism upon a 2 or 3 year old child is not

–5–

shown with sufficient clarity to justify a reversal of the continued shared custody.

The wife relies upon the "tender years" doctrine which is no longer recognized as dominant or decisive in child custody cases. At the time of the entry of the orders under review, TCA § 36-6-101(d) provided:

> It is the legislative intent that the gender of the party seeking custody shall not give rise to a presumption of parental fitness or cause a presumption in favor or against the award of custody to such party; provided, that in the case of a child of tender years, the gender of the parent may be considered by the court as a factor in determining custody after an examination of the fitness of each party seeking custody.

The legislative mandate to determine the relative fitness of each contending parent preserves the broad discretion of divorce courts to preserve and protect the best interest of minor children in awarding custody or visitation.

TCA § 36-6-106 (1995) provides the following factors to be considered in determining fitness for custody:

> (1) The love, affection and emotional ties existing between the parents and child;
>
> (2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary care giver;
>
> (3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment;
>
> (4) The stability of the family unit of the parents;
>
> (5) The mental and physical health of the parents;
>
> (6) The home, school and community record of the child;
>
> (7) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences

of older children should normally be given greater weight than those of younger children;

      (8)     Evidence of physical or emotional abuse to the child, to the other parent or to any other person; and

      (9)     The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child.

Neither party to the present proceeding represents an ideal candidate for child custody. However, neither is shown to be disqualified. The best interests of the child do not appear to have been fully developed. The distance between the residences of the parties is a formidable difficulty in the transfer of physical custody. The effect of these difficulties upon the well-being of the child is not sufficiently explored in the present record to enable this Court to make a satisfactory determination of the issue, which should be the subject of a further hearing and determination by the Trial Court. With this exception the judgment of the Trial Court is affirmed. Costs of this appeal are assessed equally against the parties, that is, each party shall pay one-half of same. The cause is remanded to the Trial Court for further proceedings in conformity with this opinion, including a further hearing and determination of that plan of custody and visitation which is for the best interest of the minor child.

**AFFIRMED AND REMANDED**
**WITH INSTRUCTIONS**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

DISSENT IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

–7–