# MAXCY FREEMAN GRANT, Appellant, v. DORIS LOUISE GRANT, Appellee.—286 S. W. (2d) 349.

Western Division at Jackson. June 29, 1954.

Petition for Certiorari denied by Supreme Court, October 8, 1954.

Rehearing denied by Supreme Court, November 16, 1954.

540

W. C. Rodgers, of Memphis, for appellant.

Jess D. Ewing and Harry P. Rubert, both of Memphis, for appellee.

CARNEY, J.   The complainant, wife, Doris Louise Grant, filed a suit for divorce in the Circuit Court of Shelby County against the defendant, Maxcy Freeman Grant, on the grounds of cruel and inhuman treatment. The husband filed a cross-bill also seeking a divorce, custody of their minor child, Louise Ozell Grant, aged 9, and for a decree vesting full fee simple title in himself to their home in Memphis, Tennessee, which had been conveyed to them as tenants by the entireties under the authority of Section 8446 of the Supplement to the Code as amended by Chapter 90 of the Public Acts of 1953.

Complainant had previously brought a bill for divorce which had been dismissed upon a contest for insufficient evidence. The defendant, husband, alleged in his cross-bill that his wife had been going with other men and named two in particular.

Upon a trial the Court dismissed complainant's bill for insufficient evidence and awarded the defendant, husband, a divorce on his cross-bill on the grounds of cruel and inhuman treatment, which appears to have been predi-

cated jointly upon the action of the wife in bringing two actions for divorce upon unfounded charges and also the finding by the Court that she had been going with other men as alleged by the husband.

The Trial Court gave the custody of the child to the mother, with right of the husband to have the child be with him from Friday afternoon through Sunday afternoon of each week.

The Trial Court also refused to divest the title of the wife in the homeplace held as tenants by the entireties, with the result that upon the entry of the divorce they became owners of a one-half interest each in the homeplace.

The wife does not appeal from the decree, and the husband has brought a limited appeal in which he insists (1) that he is entitled to the full care and custody of the minor child, and (2) that he was entitled under Chapter 90 of the Acts of 1953, which was an amendment to Section 8446, to have the wife's entire interest in the property, which the Court found he had paid for entirely out of his own funds, vested in him in fee simple.

We discuss first the question of the custody of the minor child.

The general rule is that the Trial Court is vested with wide discretion in matters of divorce, alimony, and attorneys fees, custody and support of minor children, and Appellate Courts will not interfere except upon a showing of an abuse of that discretion. Marmino v. Marmino, 34 Tenn. App. 352, 238 S. W. (2d) 105.

Also, from Cecil v. State ex rel. Cecil, Tenn., 237 S. W. (2d) 558, 559, the Supreme Court through Mr. Justice Gailor announced the general rule as follows:

"In cases involving child custody, the decision of the Trial Judge who saw and heard the witnesses,

is to be given great, if not controlling effect, and we will interfere only where we find a palpable abuse of discretion, or a judgment against the great weight of the evidence. Davenport v. Davenport, 178 Tenn. 517, 160 S. W. (2d) 406; State ex rel. Parker v. Parker, 191 Tenn. 564, 235 S. W. (2d) 580.''

That portion of the final decree relating to the custody of the minor child is as follows:

''While the Court is of the opinion that the original complainant and cross-defendant has been guilty of improper association with other men, the Court likewise finds that she has been a good mother to the minor child of the parties hereto, Louise Ozell Grant, age nine years, the proof not showing that she has neglected the child, and the Court is of the opinion that it is not justified in depriving her of the custody of said child and vesting the same in the father at this time; at the said time the Court finds that the original defendant and cross-complainant is greatly interested in and concerned as to the welfare of the parties' minor child, that his interest and fatherly care of the child is unusual and above the average, that he has evidenced the most desirable fatherly characteristics regarding the said child and is entitled to be unrestricted in his association with and companionship of and efforts for the betterment and welfare of said child, and by reason of the father's interest in said child, the Court is of the opinion that the father of said child should have the child from the time that school lets out on Friday afternoon until the following Sunday evening of each and every week, and that the rest of the time during the week the child should be with its mother.''

The welfare of the child is of paramount import-

ance, and from our review of the evidence and the finding of the Trial Court, we do not find any abuse of discretion on the part of the Trial Judge in awarding the custody of the child to its mother during the week days and to the father on week ends. It appears that the parties live close together, and no great inconvenience will be caused the child in visiting the father on week ends.

The appellant, husband, relies strongly upon the case of Stubblefield v. State ex rel. Fjelstad, 171 Tenn. 580, 106 S. W. (2d) 558, in which the Court enunciated the common-law rule that a father is entitled to custody of his child. We do not believe that case controlling here because in the Stubblefield case it was a contest between the father and the maternal grandparents, and this case is a contest between the father and mother. Accordingly, we feel that the first Assignment of Error must be overruled.

However, we observe that the divorce decree was entered on January 6, 1954, at a time when the minor child was in school, and it is now vacation time and it appears to us that either or both parties might prefer a different arrangement for the child custody for the summer months. Therefore, our decision herein should not be construed as reflecting in any manner upon the right of either party to ask for a modification of said decree under the authority of Section 8454 of the Code, since the decree awarding custody did not appear to take into consideration the matter of child custody during vacation months.

That portion of the divorce decree in which the Court refused to vest the wife's interest in the homeplace in the husband is as follows:

"The Court further finds that the original defendant and cross-complainant bought and paid for the

home of the parties out of money set aside from his earnings, but that during the period from the time of the purchase of said home and while the cross-complainant was still paying on the same, the original complainant was keeping the home and performing the duties of a wife, cooking and looking after the child of the parties hereto and performing other wifely services and obligations, and that by reason of these the Court is of the opinion that it is not justified in divesting out of original complainant her interest in the home, consisting of a house and lot in the City of Memphis, Shelby County, Tennessee, and commonly known as 2590 Walker Avenue, the Court being of the opinion that Section 8446 of the Tennessee Code, as amended, was not intended to authorize or empower the Court to deprive the wife of her interest in a home held by the entireties, as the one here involved, that her rights therein are vested by law, and it is not the province of this Court to deprive her thereof, or restore this interest to the husband, notwithstanding, he bought and paid therefor with his own funds, and, therefore, leaves the original complainant and cross-defendant vested with the interest they acquired under the deed conveying said property to them as man and wife in 1945, in which by virtue of divorce leaves the parties with one-half undivided interest fixed in said property.''

The appellant insists that Chapter 90 of the Public Acts of 1953, which added an amendment to Section 8446 of the Code, was enacted by the Legislature for the purpose of penalizing a wife for misconduct, and, in substance, that it was mandatory, upon the Court granting the husband a divorce for the wife's misconduct, to vest him with full title to the property held by them as tenants

by the entireties since the Court found that he had paid for all the property out of his funds.

The salient portion of Chapter 90 is as follows:

" 'In all cases of either divorce or separation, where the relief therein to be decreed by the Court is decreed to the husband on his petition, the Court may, upon a proper showing of fact, adjust the respective rights of the parties with regard to property jointly owned so as to preserve for such a husband that portion of such joint property as for which he contributed and paid, and for this purpose the Court is hereby empowered to divest and vest title to either real or personal property and, where appropriate, to divest out of a defendant wife any residual title to property prior thereto held by the entireties between her and the complainant.' "

We see nothing mandatory in the amendment, but, on the contrary, that at most the Act clearly leaves it within the discretion of the Trial Judge "where appropriate" as to whether or not he will divest the wife of her interest in property by the entireties.

Further, a review of the record shows no abuse of discretion on the part of the Judge in the instant case. The wife worked after their marriage until shortly before the baby came, and the record shows that she performed the duties of a housewife. The Trial Judge found that she was properly performing the duties of a housewife up through 1945 when the deed was made to her and the husband as tenants by the entireties. We see nothing in the record to justify the Trial Court in depriving the wife of her interest in the real estate. We think the amendment was to prevent unjust enrichment of a wife rather than to penalize her for subsequent misconduct. Appellant's second Assignment of Error is, therefore, respectfully overruled.

We do not find it necessary to determine the constitutionality of Chapter 90 of the Acts of 1953 as purporting to give the Trial Judge authority to divest the wife of a vested legal estate in realty, since the Judge did not make any divestiture under the amendment.

Judgment will be entered dismissing the appeal and affirming the judgment below and taxing the appellant and the surety on his appeal bond with the costs of this appeal.

Avery, P. J. (W.S.), and Bejach, J., concur.