IN THE COURT OF APPEALS OF TENNESSEE

FILED

August 12, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

ROBERT ELLIS ROULETTE,           ) C/A NO. 03A01-9701-GS-00010
                                 )
          Plaintiff-Appellee,    )
                                 )
                                 )
                                 )
                                 ) APPEAL AS OF RIGHT FROM THE BLOUNT
v.                               ) COUNTY GENERAL SESSIONS COURT
                                 )
                                 )
                                 )
                                 )
HEATHER MARIE HICKS ROULETTE,    )
                                 ) HONORABLE WILLIAM R. BREWER, JR.
          Defendant-Appellant.   ) JUDGE


For Appellant                    For Appellee

SANDRA G. OLIVE                  JERRY G. CUNNINGHAM
Olive & Olive                    Kizer & Black
Knoxville, Tennessee             Maryville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                              Susano, J.

In this post-divorce proceeding, the trial court, following a bench trial, granted the petition of Robert Ellis Roulette (Father) seeking sole custody of the parties' child, Cody Dyllan Roulette, age three. In so doing, the court modified the parties' judgment of divorce, which, pursuant to the parties' marital dissolution agreement, had decreed joint custody and designated Heather Marie Hicks Williams (formerly Roulette) (Mother) as the residential custodian. Mother appealed, arguing that the evidence preponderates against the trial court's determination that there was a material and substantial change in the circumstances of the parties and their child justifying a change of custody.[1] We affirm.

On December 18, 1995, Father went to Mother's apartment. His visit was prompted by a report he had received from a private investigator who had expressed some concern regarding the well-being of the parties' child. After knocking on the door, Father was greeted by a man whom he did not know. The man was dressed in his underwear with no shirt.

Father testified that the house was dirty, that it smelled of beer and urine, and that it appeared that the occupants had been sleeping on the floor. There were beer cans on the living room floor. His son came from one of the rooms, crying and asking for his mother. Being uncomfortable with the conditions in which his son was living, Father took the child, and after a visit to his attorney's office, transported him to

---

[1] The appellant seeks a remand for the setting of child support and other relief in the event we reverse the trial court's change of custody. In view of our disposition of this appeal, we do not reach appellant's second issue.

2

the home of Father's parents, with whom he was living.  His
petition for change of custody was filed the same day.

        This case is before us for a *de novo* review of the
trial court's findings.  Rule 13(d), T.R.A.P.  Those findings
come to us with a presumption of correctness that we must honor
unless the evidence preponderates against those findings.  *Id*.
In this case, the trial court did not make specific findings:

> The Court finds that based on the proof today
> that there has been a substantial and
> material change of circumstances where it's
> now in the best interests of the child that
> custody should be awarded to Mr. Roulette.
> There were various factors set out.  The
> Court is not going to enumerate them . . .

In the absence of specific findings, our focus is on the trial
court's ultimate determination that Father had demonstrated the
requisite showing of a material and substantial change of
circumstances.  Our review of the record focuses on this ultimate
determination.  ***Kelly v. Kelly***, 679 S.W.2d 458, 460 (Tenn.App.
1984).  Our "search" is with respect to the preponderance of the
evidence as it pertains to this ultimate holding.

        The bulk of the evidence in this case consists of the
oral testimony of the parties and their witnesses.  There are
numerous conflicts in the testimony, particularly the testimony
of Father and Mother.  The trial court, by its decision, resolved
those conflicts in favor of Father.  Since we did not observe the
witnesses, we must defer to the trial court's judgment as to
credibility.  "[O]n an issue which hinges on witness credibility,

3

[the trial court] will not be reversed unless, other than the oral testimony of the witnesses, there is found in the record clear, concrete and convincing evidence to the contrary." *Tennessee Valley Kaolin v. Perry*, 526 S.W.2d 488, 490 (Tenn.App. 1974). While there are some photographs in the record, they do not represent "clear, concrete and convincing evidence to the contrary." 526 S.W.2d at 490.

In order to change custody, a trial court must find "a material change in circumstances that is compelling enough to warrant the dramatic remedy of changed custody." *Musselman v. Acuff*, 826 S.W.2d 920, 922 (Tenn.App. 1991). It is clear that in making this evaluation, a trial court has wide discretion. *Grant v. Grant*, 286 S.W.2d 349, 350 (Tenn.App. 1954). "[W]hen the activities of a parent involve neglect of the children, such neglect may be considered in relation to the best interests of the children." *Mimms v. Mimms*, 780 S.W.2d 739, 745 (Tenn.App. 1989).

Resolving the conflicting testimony of the witnesses in favor of Father, there are a number of facts showing a material and substantial change in the circumstances of the parties and their child. Mother was living with her child in an apartment that had no beds. It was dirty and smelled of beer and urine. Since the divorce, Mother had used marijuana. In fact, she failed a court-ordered drug screen test on the day the court considered the issue of temporary custody. There was also proof that Mother had, on occasion, abused alcohol since the divorce. There was also proof that Mother left the parties' child with a

4

friend at her parents' swimming pool so she could go inside and have sex with a visiting male.  There was uncontradicted proof that on another occasion she left the child with another so she could go outside and smoke marijuana with friends.  One of the witnesses called by Father testified that she saw the child in bed with Mother and her lover--an individual with whom Mother was admittedly involved in a sexual relationship.[2]

We do not find that the evidence preponderates against the trial court's finding of a material and substantial change of circumstances, as contemplated by the holding in **Musselman**. Certainly, the evidence does not preponderate against the trial court's determination that a change of custody was appropriate.

Mother contends that custody was changed because the friend who was keeping her child on December 18, 1995, was an African-American.  She and this friend were married the next day. Mother relies upon the case of **Palmore v. Sidoti**, 466 U.S. 429, 104 S.Ct. 1879, 80 L.Ed.2d 421 (1984), for the proposition that this relationship, in and of itself, cannot be the basis for a custody change.

We agree with Mother that the **Palmore** case stands for the proposition cited; however, we find no indication that Mr. Williams' race played any role in the court's decision.  In fact the trial court stated specifically that it "didn't consider any

---

[2]There was, however, no proof that they were having sex at the time the child was in bed with them.

5

race at all." We find that Mother's conduct, standing alone, was sufficient to warrant a change of custody.

The judgment of the trial court is affirmed. Costs on appeal are taxed against the appellant and her surety. This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Don T. McMurray, J.