IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

TRACY BALDOVIN

      Petitioner,

V.

MICHAEL WILLIAM WARDEN

      Respondent.

Bedford County Juvenile
C.A. No. 01A01-9703-JV-00119

Hon. W. Nowlin Taylor, Judge

ANDREW JACKSON DEARING, Shelbyville, TN, Attorney for Plaintiff.

TAMRA SMITH, Shelbyville, TN, Attorney for Defendant.

**FILED**

**December 19, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

*REVERSED, DISMISSED AND REMANDED*

Opinion filed:

**TOMLIN, Sr. J.,**

      This is a child custody case with interstate ramifications. Petitioner ("Tracy Baldovin")

filed a petition to establish paternity and for Custody in the Juvenile Court of Bedford County.

Respondent ("Michael William Warden"), a resident of California, filed a motion to dismiss on

the ground that the courts of Tennessee had no jurisdiction. Earlier, on the same day petitioner's

petition was filed, respondent filed a complaint to establish parental relationship and for child

custody in the Superior Court for Los Angeles County, California. Following a hearing on

respondent's motion to dismiss, the juvenile court judge dismissed the motion, finding among

other things that the courts of Tennessee had jurisdiction and that the Uniform Child Custody

Jurisdictional Act (UCCJA) was not applicable. Thereafter the juvenile court and subsequently,

the middle section of this court granted respondent's motion for interlocutory appeal pursuant to

T.R.A.P. 9(a)(2).

      Respondent has presented two issues for our consideration: Whether the trial court erred

(1) in finding that this state's UCCJA was inapplicable and in further finding that the court's of

Tennessee had jurisdiction over this litigation; (2) whether respondent should be awarded

attorney fees and litigation expenses at both the trial and appellate level. For the reasons herein

after stated, we reverse the judgment of the trial court and dismiss petitioner's petition. In

addition, upon remand the trial court is directed to conduct a hearing to establish the amount of

attorney fees and costs due to respondent's counsel for work at both the trial and appellate level.

The facts in this case are taken from the technical record, principally from the pleadings therein. Petitioner and respondent had established a relationship in Glendora, California. A child was born to the parties on June 18, 1993. Both petitioner and respondent as well as the minor child lived in California until mid October of 1996, when petitioner, without respondent's knowledge and against his wishes, removed herself and the child from California to Tennessee. On October 31, 1996, both parties filed simultaneous custody proceedings, the petitioner in the Juvenile Court of Bedford County, Tennessee and respondent in the Superior Court of Los Angeles County, California.

Petitioner's petition, seeking the custody and the establishment of paternity, alleged that respondent is the natural father of Michael David Warden, a minor child born out of wedlock and that she is the natural mother. The petition alleges that petitioner and the minor child reside in Bedford County, Tennessee, and that they left the State of California to establish residence in this state, seeking "a more suitable and safe environment for herself and the minor child." Petitioner's petition asked that respondent be found to be the natural father of the minor child and that a restraining order be issued enjoining respondent from attempting to remove the minor child from the custody of petitioner.

On the same date, respondent as plaintiff filed suit in the Superior Court of California naming petitioner herein as defendant, seeking custody of the party's minor child. This petition alleged that both partyies resided in California as well as the minor child and that plaintiff therein was the father and defendant therein was the mother of the child. The petition also alleged that defendant had moved from California without notice to the state of Tennessee and that during the last five years had lived in no other state then California with no other persons other than plaintiff and/or defendant.

On November 15, 1996 respondent filed a motion to dismiss which set forth the following facts: That respondent is and had been for a number of years a resident of Glendora, California; that the minor child in question was born in California on June 18, 1993 and up until late October, 1996 petitioner was a resident of the State of California.

Respondent contends that he is the natural father of the minor child and that petitioner was the natural mother of the minor child, and that the parties had been engaged in negotiations

2

regarding custody, support and visitation rights for this child in California, until petitioner left California for Tennessee, advising him that she was leaving temporarily to visit family there. Respondent attached a copy of his petition as an exhibit to his motion to dismiss which he had filed earlier in the Superior Court of California.

Respondent states that the State of California is the "home state" of the party's minor child, as the child had been in Tennessee for but a few days prior to the filing of petitioner's petition. On these grounds the court was asked to dismiss the petition filed in Bedford County.

While there is nothing in this record reflecting that there was a hearing in the trial court, the judge of the Juvenile Court of Bedford County, Tennessee entered the following order on December 6, 1996, denying respondent's motion to dismiss. Said order reads as follows:

Respondent's MOTION TO DISMISS in this cause is respectfully denied.

Although there is an action pending in the State of California to ESTABLISH PARENTAL RELATIONSHIP AND REQUEST FOR ORDER FOR CHILD CUSTODY AND VISITATION AND CHILD SUPPORT, said action was filed after Petitioner left the State of California and there has been no service upon the Petitioner, although some effort was made through Petitioner's Aunt. Therefore, the Petitioner was under no order whatsoever from any California court restraining her from leaving the State.

Furthermore, there has never, to date, been an Order entered, adjudicating the Respondent as the father of the minor child, although a Petition is now pending in this Court to Establish Paternity and for Custody and, as aforesaid, one has been filed, but not served, by the respondent in California.
It is the Court's opinion that, as of this date and without an Order of the Court declaring him the father of the child, the Respondent really has no standing to be granted the relief he seeks.

The Court finds that Tennessee Uniform Child Custody Jurisdiction Act (UCCJA) is not applicable to the instant case, and the facts in the case of Brown v. Brown, 847 SW2 496, cited by Respondent, are clearly distinguishable from the facts of this case.

If the parties are unable to agree upon a date to proceed with the Paternity Petition filed in this Court, upon motion, a date will be set by the Court.

Subsequently, there was entered in the record a copy of an order issued March 11, 1997 by the Superior Court of California, County of Los Angeles, which ruled that in October 1996 California was the "home state" in this litigation, Tennessee was not the child's "home state", California was exercising jurisdiction and likewise declined to relinquish jurisdiction to Tennessee. The child's father, respondent in the case here under consideration, was awarded physical custody of the party's minor child and defendant was directed to return the child to

3

California. This appeal followed.

## I. The Applicability of UCCJA and Subject Matter Jurisdiction.

The trial court's order denying respondent's motion to dismiss for lack of subject matter jurisdiction in this cause leaves us with few reasons and no grounds as to how Tennessee acquired subject matter jurisdiction in this case. The trial court's order points out that (1) the California suit to establish paternity and child custody was filed after petitioner left California, without any service of process being had on petitioner; (2) at the time petitioner filed her petition in Bedford County there had been no order adjudicating respondent as the father of the minor child; and (3) in the absence of such an order, respondent was without standing to ask the trial court to dismiss petitioner's petition.

Furthermore, in ruling that the Tennessee Uniform Child Custody Jurisdiction Act (UCCJA) was inapplicable to this case, the trial court cited no legal authority for its position nor the specific facts upon which he based that ruling.

In petitioner's brief before this court, petitioner's action is sought to be characterized as a paternity suit only, and not in reality, a child custody suit, although the determination of paternity is a part of it. However, based upon the pleadings in this record paternity is not a viable issue inasmuch as in the proceedings in California respondent here (petitioner there) asserts that he is the father of the child and in the case under consideration petitioner's petition seeks to have him declared to be the father of the child.

As of this time, Brown v. Brown, 847 S.W.2d 496 (Tenn. 1993) is the pole star in dealing with the determination of jurisdiction of an interstate child custody dispute under the UCCJA and the Federal Parental Kidnaping Prevention Act (PKPA). One of the material stated purposes set out in T.C.A. § 36-6-201 is applicable here-that is, the need to "[A]ssure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning the child's care, protection, training, and personal relationships is most readily available, and [A]ssure that [Tennessee] courts declined exercise of jurisdiction when the child and his family have a closer connection with another state. . ." It has been noted in Brown and subsequent cases that while the Tennessee version of the UCCJA bears the title "Uniform Child Custody Jurisdiction Act", it

is not uniform with the original UCCJA in an important aspect, but is identical to the jurisdiction

provision in the PKPA. Clearly however the purposes of the UCCJA and Tennessee's version of

that statute are identical.

In our UCCJA, specifically section 36-6-202(5), "home state" is defined as follows:

> "Home state" means the state in which the child immediately proceeding the time involved lived with his or her parents, a parent, or a person acting as a parent, for at least six (6) consecutive months. . . periods of temporary absence of any of the named persons are counted as part of the six (6) months. . . .

If the record reflects that Tennessee is not the child's "home state" under the definitions

set out above, a Tennessee court may assume jurisdiction only upon a finding that no other state

qualifies as the child's "home state" or that the "home state" has declined exercise jurisdiction

and has deferred to Tennessee as "the more appropriate forum to determine the custody of the

child." T.C.A. § 36-6-203(a)(2)(E) and (3).

Only if there is no "home state" jurisdiction in Tennessee or unless the "home state"

defers to Tennessee can a court of this state exercise jurisdiction based upon a "significant

connection with the child." As with the PKPA, under our UCCJA, jurisdiction exists in only one

state at a time.

It now becomes our responsibility to examine the facts of this case as presented by the

pleadings in light of the pertinent provisions of the UCCJA. The minor child that is the subject

of this litigation resided in California for slightly more than three years, until mid-October 1995,

when his mother brought him to Bedford County, Tennessee. The child's father also resided in

the same town in California. There had been ongoing discussions regarding custody, child

support and the like for the child.

In a matter of days, on October 31, 1996, the child's mother filed a petition in Bedford

County for declaration of paternity and child custody. By coincidence, on the very same day in

California respondent as the child's father filed a similar petition there in California where the

child had previously resided with petitioner. The California court at all times sought to exercise

jurisdiction in this case, and in March 1997 entered an order awarding custody to the respondent,

at the same time directing petitioner to return the child to California.

During oral argument counsel for petitioner conceded that the minor child had not lived

5

in Tennessee for six months or more prior to the filing of the petition herein. He also conceded that California did not defer to Tennessee as to jurisdiction. Lastly, he agreed that California was the home state of the minor child until the child left that state with his mother to come to Tennessee.

Applying the UCCJA of this state to these facts, Tennessee in no way can qualify as the "home state" of the child. Secondly, under the same definition California did qualify as the home state of the child prior to the bringing of this action. California also qualifies as the "home state" under its UCCJA. Not only has California not declined to exercise jurisdiction, but to the contrary has firmly exercised jurisdiction over this child. Without any question, there is no doubt that the UCCJA of this state is clearly applicable to the case at bar, both by the provisions of the Act itself, and as interpreted and applied by our supreme court in Brown v. Brown, supra.

In addition, the trial court's finding that respondent has no standing to avail himself of the courts of this state inasmuch as he had not been previously adjudged by a court of law to be the father of the minor child is without merit. There is nothing in our case law or in the UCCJA to deny respondent the right to file a motion to dismiss. It should be kept in mind that the father had already been brought into this court's jurisdiction by the filing of the petition.

Counsel for petitioner contends that Tennessee courts can take jurisdiction of this case based upon "significant connections." This is without merit. Under the provisions of the UCCJA Tennessee could assume "significant connection" jurisdiction only if there were no "home state." We have already established that at the time of the commencement of these proceedings California was, or at least had been, the minor child's "home state." Accordingly, we resolve these issues in favor of respondent.

## II. Attorney Fees.

Respondent through his counsel has asked this court to assess attorney fees against petitioner. The general rule is that the trial court is vested with wide discretion in matters of attorney fees in custody cases. Grant v. Grant, 39 Tenn. App. 539, 541; 286 S.W.2d 349, 350 (Tenn. 1954). In addition, this court can award attorney fees for appellate work in custody cases. Kahn v. Kahn, 756 S.W.2d 675, 696-97 (Tenn. App. 1988).

Under all the circumstances, many of which we will set forth, we think this the

6

appropriate case for this court to exercise its discretion and assess attorney fees in both this court and the trial court. Two of the stated purposes of the UCCJA as enacted in this state motivate this court to do so. They are found in section 36-6-201(a)(3)and (5) and read as follows:

> (3) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and the child's family have the closest connection and where significant evidence concerning the child's care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and the child's family have a closer connection with another state.

> (5) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.

In our opinion, the action of the petitioner in this case was directly contra to the thrust and intent of these two statutory purposes in surreptitiously removing the child from the state in which the child and his parents had lived for over three years, to another state some three thousand miles away, there filing a petition for a declaration for paternity and custody.

Under both the statutory law and the case law in this state as it existed at that time, it should have been plain to petitioner and her counsel that the likelihood was slim that petitioner would or should succeed in what she was trying to accomplish. It was not as though she had be denied access to a court of competent jurisdiction, for all the parties had resided in California a sufficient period of time to establish subject matter jurisdiction there. In bringing this action in Tennessee, a state without subject matter jurisdiction, she placed an unnecessary financial burden upon the respondent. Therefore, we hold that respondent is entitled to reasonable attorney fees for service performed both at the trial level and at the appellate level. As part of the judgment of this court this cause is remanded to the Juvenile Court of Bedford County to hold such evidentiary hearings as are necessary to ascertain the amount of reasonable attorney fees to be awarded respondent in this case.

The judgment of the trial court denying respondent's motion to dismiss the petition in this case is reversed. The petition to establish paternity and for custody as filed by petitioner is dismissed. Costs in this cause are taxed to petitioner, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.


_____
CRAWFORD, P. J., W.S. (CONCURS)


_____
HIGHERS, J.                    (CONCURS)