WILLIAM JEFFREY TARKINGTON,   )
                               )       **Davidson Circuit**
    **Plaintiff/Counter-Defendant/**   )       **No. 96D-1512**
    **Appellant,**                       )
                               )
**VS.**                        )
                               )       **Appeal No.**
**REBECCA JUANITA TARKINGTON,** )       **01A01-9706-CV-00270**
                               )
    **Defendant/Counter-Plaintiff/**   )
    **Appellee.**                       )

**FILED**

February 6, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM CIRCUIT COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE MURIEL ROBINSON, JUDGE


CAROL L. SOLOMAN, #6649
Washington Square, Suite 400
214 Second Avenue, North
Nashville, TN 37201
ATTORNEY FOR PLAINTIFF/COUNTER-DEFENDANT/APPELLANT

JACK NORMAN, JR., #2702
213 Third Avenue, North
Nashville, TN 37201
ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF/APPELLEE


## AFFIRMED AND REMANDED.


           HENRY F. TODD
           PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

WILLIAM JEFFREY TARKINGTON, )
                                         )    **Davidson Circuit**
    **Plaintiff/Counter-Defendant/**    )    **No. 96D-1512**
    **Appellant,**                       )
                                         )
**VS.**                                  )
                                         )    **Appeal No.**
**REBECCA JUANITA TARKINGTON,**          )    **01A01-9706-CV-00270**
                                         )
    **Defendant/Counter-Plaintiff/**     )
    **Appellee.**                        )

# O P I N I O N

The husband, William Jeffrey Tarkington, has appealed from a judgment of the Trial Court finding him and his wife, Rebecca Juanita Tarkington, guilty of inappropriate marital conduct and declaring them to be divorced pursuant to TCA § 36-4-129.

Husband's first two issues are:

> I.      Whether the Trial Court abused its discretion in awarding custody of the two minor children to the mother where the credible proof showed that the father was the comparatively better-fit custodian.

> II.    Whether the Trial Court erred in excluding the mother's medical records from an alcohol treatment center where the mother had executed a medical release for such records and where the information sought to be introduced impacted directly upon the mother's fitness as custodial parent.

Since the first two issues relate to the fitness of each party to have custody and control of the children, they will be discussed together.

Prior to the entry of the final decree of divorce, the Trial Court entered an order stating:

> (1)    The pendente lite custody of the parties' two minor sons shall be vested jointly in both parties, however, the primary physical possession of the children shall be with the wife who shall reside with the children at the parties' River Rouge home in Nashville, Tennessee. The husband shall vacate the premises on or before Sunday, June 23, 1996, and wife shall retain exclusive possession of the premises pending further orders of the Court.

The same order contained detailed provisions for times of visitation.

After a non jury trial, the Trial Court entered a "Final Decree" which required payment of child support and alimony, but did not make any further provision for custody. For purposes of this appeal, it must be presumed that the above quoted "pendente lite" custody order remains in effect.

The determination of custody of children is within the sound discretion of the Trial Judge who saw and heard the parties and witnesses in person. Such determination is entitled to great weight and will not normally be disturbed on appeal. *Rogero v. Pitt*, Tenn. 1988, 759 S.W.2d 109; *Bah v. Bah*, Tenn. App. 1983, 668 S.W.2d 663. The critical factor in such determination must be the welfare and best interests of the child or children involved. *Lentz v. Lentz*, Tenn. 1986, 717 S.W.2d 876; *Holloway v. Bradley*, 190 Tenn. App. 565, 230 S.W.2d 1003 (1950); *Bevins v. Bevins*, 53 Tenn. App. 403, 383 S.W.2d 403 (1964).

Findings of fact by the Trial Judge bearing upon the award of custody are reviewed *de novo* on appeal with a presumption of correctness unless the evidence preponderates otherwise. *Nichols v. Nichols*, Tenn. App. 1990, 792 S.W.2d 713. The exercise of discretion as to child custody will not be disturbed on appeal except upon a clear showing of an erroneous exercise of discretion. *Harwell v. Harwell*, Tenn. App. 1980, 612 S.W.2d 182; *Grant v. Grant*, 39 Tenn. App. 539, 286 S.W.2d 349.

The "comparative fitness doctrine" is recognized in Tennessee. *Bah v. Bah, supra*, *Edwards v. Edwards*, Tenn. App. 1973, 501 S.W.2d 283.

The husband points out that he testified at length about his affection for and attention to the children and that the wife did not express her feelings toward the children. It has been well

said that "behavior speaks louder than words." The Trial Court doubtless considered the various incidents described in the testimony more than the verbal professions of affection.

The answer of the wife admits that, on occasions, she consumed too much alcohol, but does not admit or deny that she is an "alcoholic."

The husband relies upon the "admission" of the wife that she is an alcoholic, but does not discuss his own excessive drinking and resultant behavior.

The husband concedes that the younger son is autistic and insists that this son "improves" during his visitation with the father; but the husband gives no basis for comparison of the child's behavior, nor is there any professional evidence that it is for the best interest of the child to be in the principal custody of the father.

The father relies upon the testimony of one of the children that he would rather be with the father. However, the child's reasons for his preference do not particularly relate to his welfare.

It was proper for the Trial Court to consider the advisability of keeping the children together rather than separating them. This is especially true because of the disability of the older child.

Unquestionably, prior to their separation, both parties were guilty of conduct which they now regret. Unquestionably, their conduct, especially in the presence of the children, underwent some improvement while the case was pending. The conduct of neither party has been ideal even while the case was pending. Wisdom directs caution as to reliance upon temporary reform. The parties should demonstrate their fitness by consistent excellent care of the children over an extended period, before seeking a revision of the "pendente lite" order of custody.

Husband also complains of the exclusion of medical records of the wife which, it is insisted, were material to the custodial fitness of the mother. It is argued that said record, would contain the notes of doctors as to statements made to them by the wife regarding her misuse of alcohol and drugs and resultant behavior. The mother had authorized the release of such records despite TCA § 63-11-213 (the psychological examination privilege). It does not appear that the medical record was actually tendered and preserved in the record, which is better practice. It does appear that counsel stated the substance of the medical record, which is permissible.

From a consideration of what is in this record, this Court is unable to hold that the exclusion of the record or the summary of its contents "more probably than not affected the judgment or would result in prejudice to the judicial process," as provided by TRAP Rule 36(b).

Rule 6(a)(1), (2) and (3) states:

> Rule 6. Briefs. - (a) Written argument in regard to each issue on appeal shall contain:
>
> 1. A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
>
> 2. A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> 3. A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

An offer of proof by narration of its substance by counsel may be sufficient, but better practice is to present the actual evidence so that the effect of the alleged error may be corrected on appeal. *Farmers-Peoples Banks v. Clemmer*, Tenn. 1975, 519 S.W.2d 801, 804. Whether narrative or documentary, the offer of proof should have been accepted.

No grounds of reversal are found in the first two issues.

The husband's third, and last issue is:

> III.    Whether the Trial Court abused its discretion in awarding the wife alimony *in futuro* where the parties' earning capacities are not appreciably different and where the wife is not precluded from economic rehabilitation.

The husband admits that his gross income is $24,900.00 per year or $2,075.00 per month. He insists that, in the past, the wife earned $16,000.00 per year, but concedes that, at the time of trial, she was earning only about $11,000.00 per year for 10 months with summers off.

Husband cites the legislative policy favoring rehabilitative alimony. TCA § 36-5-101(d). So long as the two children are in the principal custody of the wife, it is not unreasonable for her to retain her present employment with the public schools which enables her to care for the children when they are not in school. This is especially important because of the disability of one of the children.

Husband argues finally that he is unable to pay the amounts ordered by the Trial Court. The husband admitted a net "take home pay" of $1,700.00 per month. The child support of $535.00 per month and alimony of $511.00 per month amount to $1,035.00 per month, leaving $665.00 of husband's "take home pay."

The wife testified to her need of $2,382.94 per month. Her $11,000.00, 10-month pay amounts to $1,100.00 per month leaving $1,282.94 needed from the husband. The $1,035.00 to be received from the husband leaves a $153.00 shortage. It is seen that both parties will be required to do some economizing to "make ends meet."

This Court cannot say that the evidence preponderates against the findings of the Trial Judge or that she erroneously exercised her discretion in fixing alimony. TRAP Rule 13(d); *Harwell v. Harwell*, Tenn. App. 1980, 612 S.W.2d 182.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the appellant, William Jeffrey Tarkington and his surety. The cause is remanded to the Trial Court for further necessary proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE