COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| VICKIE GALE PRITCHETT, | ) | C/A NO. 03A01-9708-CH-00363 |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | SULLIVAN COUNTY CHANCERY COURT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DENNIS DAY PRITCHETT, | ) | |
| | ) | HONORABLE RICHARD E. LADD, |
| Defendant-Appellant. | ) | CHANCELLOR |


For Appellant                          For Appellee

THOMAS R. BANDY, III                   NAT H. THOMAS
Kingsport, Tennessee                   Kingsport, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                                    Susano, J.

In this divorce case, the defendant, Dennis Day Pritchett ("Father"), appealed. He raises issues pertaining to custody, child support, and visitation. Those issues present the following questions for our consideration:

> 1. Did the trial court err in awarding the plaintiff, Vickie Gale Pritchett ("Mother"), custody of Brandon Scott Pritchett and Jeremy Tyler Pritchett?
>
> 2. Did the trial court err in refusing to deviate from the Child Support Guidelines?
>
> 3. Did the trial court err in failing to direct the parties to meet at a point generally halfway between their residences to exchange their minor children in connection with visitation?

Prior to the parties' marriage on May 5, 1990, Mother was a widow with two children -- Jason and Brandon. As a consequence of the death of her first husband, Wife receives a monthly payment from the Social Security Administration for the benefit of these two children.

Following the parties' marriage, Father adopted Jason and Brandon. The adoption had no effect on the children's Social Security entitlement. At the time of trial, the children's combined monthly Social Security payment was $1,712. Each of the children will be entitled to a monthly benefit at least until the age of majority.

Jeremy Tyler Pritchett was born to the parties on March 19, 1993. At the time of trial, his half-brothers, Jason and Brandon, were age 16 and 12, respectively.

2

Our review is *de novo* on the record of the proceedings below.  Rule 13(d), T.R.A.P.  That record comes to us with a presumption of correctness that we must honor "unless the preponderance of the evidence is otherwise."  **Id**.  *See also* **Hass v. Knighton**, 676 S.W.2d 554, 555 (Tenn.App. 1983).  There is no presumption of correctness as to the trial court's conclusions of law.  **Ganzevoort v. Russell**, 949 S.W.2d 293, 296 (Tenn. 1997).

Father argues that the evidence preponderates against the trial court's implicit finding that the best interests of Brandon and Jeremy dictate that their custody should be with Mother.[1]  We do not reach Father's issue with respect to his adopted son, Brandon.  This is because the record is replete with references to the fact that Father was only seeking custody of his natural child, Jeremy.  For example, during the course of his cross examination of Mother, Father's counsel told the court that "we're not seeking custody of the two adopted children."  During his direct examination of Father, the same counsel posed the following question:  "[W]hy do you want custody of *Jeremy*?" (Emphasis added).  He did not ask the same question with respect to Brandon.  There is nothing in the record even remotely suggesting a request for Brandon's custody.

Our jurisdiction is appellate only.  T.C.A. § 16-4-108(a)(1).  We review issues that were properly raised and litigated in the trial court.  **Irvin v. Binkley**, 577 S.W.2d 677, 679 (Tenn.App. 1978).  Issues cannot be raised for the first time

---

[1]Father did not seek the custody of Jason at trial and does not seek his custody on this appeal.  The record suggests that Jason has indicated a desire to live with Mother.

3

on appeal.  **Atkins v. Kirkpatrick**, 823 S.W.2d 547, 551 (Tenn.App. 1991); **Airline Construction, Inc. v. Barr**, 807 S.W.2d 247, 264 (Tenn.App. 1990).  Furthermore, a party will not be permitted to advance a position on appeal when that party has argued a contrary position at trial.  **Little v. Paduch**, 912 S.W.2d 170, 174 (Tenn.App. 1995).

Father's position in the trial court was that he did not seek the custody of either of his adopted children.  We will not permit him to change his position on appeal, and thereby attempt to cast the trial court in error for not doing something that it was never asked to do.

On the subject of the parties' natural child, Jeremy, we do not find that the evidence preponderates against the trial court's decision to award his custody to Mother.  We have carefully considered all of the evidence in light of the factors set forth in T.C.A. § 36-6-106 and the comparative fitness test first pronounced as such in **Bah v. Bah**, 668 S.W.2d 663, 666 (Tenn.App. 1993).  On balance, we find more than sufficient evidence to justify the trial court's decree.  The issue of custody addresses itself to the sound discretion of the trial court.  **Grant v. Grant**, 286 S.W.2d 349, 350 (Tenn.App. 1954).  We find no abuse of that discretion in the trial court's award of Jeremy's custody.

The trial court set Father's child support obligation in strict compliance with the Child Support Guidelines promulgated by the Department of Human Services pursuant to the

4

provisions of T.C.A. § 36-5-102(e). Father argues that a deviation downward is justified in view of the fact that Mother receives a Social Security benefit of $1,712 per month for his adopted children -- a benefit directly tied to the death of their natural father.

We find no basis in the Child Support Guidelines for a deviation downward in this case. *See* Tenn.Comp.R. & Regs., ch. 1240-2-4-.04. *See also* **Jones v. Jones**, 930 S.W.2d 541, 545 (Tenn. 1996). The children's Social Security benefit is totally unrelated to Father. The Child Support Guidelines are based on an underlying assumption that children of divorce are entitled to the benefit of a certain percentage of the obligor parent's income. *See* Tenn.Comp.R. & Regs., ch. 1240-2-4-.02(2)(e) and ch. 1240-2-4-.03. *See also* **Nash v. Mulle**, 846 S.W.2d 803, 804-05 (Tenn. 1993). Generally speaking, this is true regardless of other sources of income, support or monies that may be available to those children. The evidence does not preponderate against the trial court's decision not to deviate from the support dictated by a strict application of the Child Support Guidelines.

Finally, Father agues that the trial court erred in failing to order the parties to exchange their children for visitation at a halfway point between the parties' respective residences in Kingsport and Thomasville, North Carolina.

Issues pertaining to visitation also address the sound discretion of the trial court. **Suttles v. Suttles**, 748 S.W.2d 427, 429 (Tenn. 1988). We will not disturb a trial court's

judgment on this subject except on a showing of an abuse of discretion. *Id*.  We find no such abuse in this case.

The judgment of the trial court is affirmed.  Costs are taxed to the appellant and his surety.  This case is remanded to the trial court for enforcement of that court's judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

6