LORRI LISA CAPPS,         )

                 )

        Plaintiff/Appellant,   )      Appeal No.

                 )      01-A-01-9710-CV-00606

v.                  )

                 )      Wilson Circuit

DAVID WAYNE CAPPS,     )      No.  1566

                 )

        Defendant/Appellee.   )

                 )

**FILED**

**July 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## COURT OF APPEALS OF TENNESSEE

## APPEAL FROM THE CIRCUIT COURT FOR WILSON COUNTY
## AT LEBANON, TENNESSEE

## THE HONORABLE BOBBY CAPERS, JUDGE

ANTHONY E. HAGAN
107 ½ S. Cumberland
Lebanon, Tennessee  37087
      ATTORNEY FOR PLAINTIFF/APPELLANT

CONNIE REGULI
353 Wimpole Drive
Nashville, Tennessee  37211
      ATTORNEY FOR DEFENDANT/APPELLEE

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

The only issue on appeal in this divorce case is whether or not the trial court erred in awarding custody of the seven year old daughter of the parties to the husband rather than to the wife.

David Wayne Capps and Lorri Lisa Barrett Capps married in Wilson County, Tennessee, February 14, 1982. David Capps is now age forty and Lorri Capps is age 38. The only child of the marriage, Heather Grace Capps, was born April 27, 1990 and these parties separated on February 21, 1997.

There is little factual dispute in the case. David Capps worked full-time as a machinist for Wright Industries and Lorri Capps worked part-time and was the primary care giver for the parties' minor child. Thus, David was the primary bread winner for the family, and Lorri was the primary homemaker for the family.

In February, 1997, Lorri met and became greatly enamored with one Johnny Bailey, who had moved to Wilson County three months earlier from California. Bailey had custody of his own two children by a previous marriage and voluntarily paid support for a third child in California born out of wedlock. Bailey had a history of marijuana possession in California.

Upon filing her complaint for divorce on February 27, 1997, Lorri essentially moved into the house with Bailey, his children and his disabled father and unemployed brother. From the time of the divorce complaint Heather remained either with her father or in the home of her maternal grandmother, Sharon Richards.

Lorri Capps makes it quite clear in her testimony that she sees nothing wrong with her live-in relationship with Johnny Bailey and his minor children and intends to continue same. Her principal complaint on appeal is that she is being punished for having an affair and is for that reason alone being denied custody of Heather. The record in this case does not support such an assertion.

Appellant insists that all of the evidence in the record shows her to be a caring and loving mother. Apparently she believes the burden to rest upon Mr. Capps to prove that she is an "unfit parent". This court has said in a similar context:

> [13] A parent seeking custody is no longer required to prove that the other parent is unfit in order to be awarded custody. *Griffin v. Stone,* 834 S.W.2d 300, 305 (Tenn.Ct.App.1992); *Harris v. Harris,* 832 S.W.2d 352, 353 (Tenn.Ct.App.1992); *Bah v. Bah,* 668 S.W.2d at 667. Thus, the trial court's decision to focus almost exclusively on Ms. Gaskill's fitness was erroneous. In custody and visitation cases such as this one, the evidence should have been reviewed to determine both

parties' fitness as a comparative matter. Thus, although the evidence may not have shown that Ms. Gaskill was an unfit mother, it may, and in this case does, indicate she is comparatively less fit than Mr. Gaskill to have custody of the parties' daughter. Because the trial court misapplied the comparative fitness analysis, we must now proceed with our own examination of the evidence giving due consideration to the trial court's findings of fact.

*Gaskill v. Gaskill*, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996).

It is clear from this record that the trial judge properly made a "comparative fitness" analysis of the entire case and correctly applied the law to the facts.

This court has said:

So that there will be no misunderstanding in the future, we hold that it is not necessary to find that a mother is unfit in order to award custody of a minor child to the father, or for that matter another third party when it is in the child's best interests. All the relevant circumstances of the case, including those specifically enumerated herein, should be considered, and principal responsibility for rearing a minor should be placed with the person most fit to do so.

[4] We believe that is precisely what the trial judge did here and why custody was awarded to the father. The trial court made no finding that the mother was unfit and, based on this transcript, we think such a conclusion would have been unjustified. However, we think the trial judge was satisfied that for now the child's best interests would be served in the custody of the father, with liberal visitation to the mother. Without question the trial judge was concerned, as are we, with the environment in which young Mr. Bah would be placed and the deleterious influences to which he might be exposed in the home of the mother of Mrs. Bah. No doubt the trial court believed strongly that there was a difference in the maturity and emotional stability of the mother and the father. Of course, that court is in a far superior position to assess these qualities than this court because of the ability to view the witnesses and assess their demeanor, mannerisms and other visual and audio characteristics not apparent in the transcript. However, insofar as these qualities can be assessed based upon past conduct, the record indicates the father to be the most stable and emotionally mature parent at this time.

*Bah v. Bah*, 668 S.W.2d 663, 667 (Tenn. Ct. App. 1983).

The record in this case does not show Mrs. Capps to be an unfit parent but the law does not require such a showing. Both parents may be found to be fit custodial parents but the very purpose of the "comparative fitness" analysis is not to choose between the lesser of two evils, but rather to determine which parent can serve the best interest of the child. The trial court has made its decision and our review of that decision is limited by long settled rules.

[2] Our de novo review of the trial court's custody and visitation decrees is tempered by the well-established principle that a trial court has wide discretion in matters of custody and visitation. *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn.1988); *Marmino v. Marmino*, 34 Tenn.App. 352, 238 S.W.2d 105, 107 (1950); *Grant v. Grant*, 39 Tenn.App. 539, 286 S.W.2d 349, 350 (1954). The various general principles regarding a trial court's prerogatives in these matters and our review of same is well stated in *Suttles*:

> Although we recognize that the general rule is that "the details of custody and visitation with children are peculiarly within the broad discretion of the trial judge," *Edwards v. Edwards*, 501 S.W.2d 283, 291 (Tenn.App.1973), and that the trial court's decision will not ordinarily be reversed absent some abuse of that discretion, "in reviewing child custody and visitation cases, we must remember that the welfare of the child has always been the paramount consideration" for the courts. *Luke v. Luke*, 651 S.W.2d 219, 221 (Tenn.1983). In addition, the right of the noncustodial parent to reasonable visitation is clearly favored. E.g., *Weaver v. Weaver*, 37 Tenn.App. 195, 202-203, 261 S.W.2d 145, 148 (1953).

748 S.W.2d at 429.

*Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. App. 1996).

The evidence in this case supports the decision of the trial court and certainly does not preponderate against the trial court action in awarding custody of Heather to her father.

The judgment of the trial court is in all respects affirmed, and the case is remanded for such further proceedings as may be necessary.

Costs of this cause are taxed against the appellant.

<br>

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE

_____

-4-

WILLIAM C. KOCH, JR., JUDGE