Mary Ann **HARRIS** (Allen),
Plaintiff–Appellant,

v.

Jerry Kenneth **HARRIS**,
Defendant–Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Feb. 7, 1992.

Application for Permission to Appeal
Denied by Supreme Court
May 4, 1992.

Patrick J. McHale, Brentwood, for plaintiff-appellant.

Mike W. Binkley, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiff-appellant, Mary Ann Harris (Allen) (Mother), from the trial court's change of custody of the parties' minor child, Kenita, from the Mother to the defendant-appellee, Jerry Kenneth Harris (Father).

The Mother insists that the trial court erred in 1) changing custody because there was not a change of circumstances sufficient to trigger a custody change, 2) finding that the burden was on the Mother to show that the Father was unfit in order for her to retain custody of Kenita, and 3) affording undue importance to Kenita's testimony that she preferred to live with her father rather than her mother.

The trial court, without objection and at the request of appellee, and with the acquiescence of appellant, interviewed the minor child in chambers. After the interview with the child, the court stated for the record:

I've been talking to the daughter, Kenita, and finding out that it's her preference that she live with her father, and finding that she's had a great, great problem with her mother, and her mother allows her to drink and smoke. That she's very adamant about not living with her mother, even if she has to run off, or commit suicide, or whatever. I think it's in the best [interest] of the child to put her with her father. Her birthday is in May and she'll be 14 at that time, and giving weight to her testimony, and to her preference.

I suppose if the mother's attorney can show the Court that the father's unfit, then I would change custody. But, without the proof, and then some proof from the plaintiff, and the father's attorney showing that they have the capability, financial and physical capability, of taking care of this child, I would grant custody to the father without the proof that he's unfit; and with some proof that he is capable and financially able, and physically able, to take care of the child.

So, that's my finding after talking to the child.

■■■ We are of the opinion that the trial court placed an undue burden on the Mother following his conversation with the minor child. There are numerous matters to take into consideration in deciding the best interest of a child in a custody case. The wishes of the child are only one factor. The paramount consideration in a custody case is the best interest of the child. *Bah v. Bah,* 668 S.W.2d 663, 665 (Tenn.App. 1983). It is well settled that custody orders are res adjudicata as to the parties and cannot be modified absent a showing of a material change of circumstances which affects the welfare of the child. *Woodard v. Woodard,* 783 S.W.2d 188, 189 (Tenn.App.1989).

The initial burden is not upon the custodial parent to show that the parent seeking to have custody changed is unfit. The initial burden is upon the party seeking to have custody changed to show a material change of circumstances which affects the welfare of the child. In this case the Chancellor interviewed the child in chambers, called in the parties' attorneys, and announced that custody would be changed unless the Mother was able to show that the Father was an unfit parent.

The Chancellor did not find a material change of circumstances that required a custody change. We find nothing in the court's findings that shows a material change of circumstances was adduced. The Chancellor simply spoke with the child

and then imposed a burden upon the custodial parent to prove that the parent seeking custody was "unfit." The burden of proof was shifted immediately prior to commencement of the hearing. This standard of proof ignores not only the requirement that the petitioner show a change of circumstances, but also that the burden of proof remains on the petitioning party.

In *Nichols v. Nichols,* 792 S.W.2d 713 (Tenn.1990), the Court characterized the "rule" as follows:

> Where a decree has been entered awarding custody of children, that decree is res adjudicata and is conclusive in a subsequent application to change custody unless some new fact has occurred which has altered the circumstances in a material way so that the welfare of the child requires a change in custody.

792 S.W.2d at 715–16.

Here, the Chancellor found no such new fact mandating a finding that the welfare of the child required a change of custody. We are therefore of the opinion that the Chancellor utilized an improper standard of proof.

In *Sproles v. Sproles,* 1991 WL 46697 (Tenn.App. at Knoxville, filed 8 April 1991), during a hearing on a motion to increase child support, the trial court considered testimony of the non-custodial parent's increase in pay and then stated: "I don't need to hear any more." On appeal, the Eastern Section of this Court found such a determination erroneous in that the increase in the father's salary, standing alone, did not necessarily constitute a substantial material change in circumstances. "It is not permissible to seize upon nor limit consideration to a single factor to the exclusion of all others in making a determination of whether or not there has been a substantial and material change in circumstances." *Id.* at p. 2

In this case we are of the opinion that the Chancellor erred when he relied solely upon the interview with the minor child. He seized upon a single factor to the exclusion of all others to determine whether or not there had been a change in circumstances warranting a change in custody.

At the time of the hearing, Kenita was under fourteen years of age. Tennessee Code Annotated, Section 36–6–102(c) provides that under certain circumstances the court shall consider the wishes of a child who is fourteen years of age or older when a petition is before the court for modification of a prior custody decree. However, the statute is explicit in that the preference of the child "shall not be binding upon the court but shall be a factor the court shall consider" in determining custody. Tenn. Code Ann. § 36–6–102(a). If a child is under fourteen years of age the court *may,* but is not required to, consider the preference of the child as a factor in determining whether to order a change in custody. Tenn.Code Ann. § 36–6–102(c).

We are of the opinion that the Chancellor erred in basing his custody determination solely upon the testimony of the minor child. To do so violates the mandate of the statute in that, under certain circumstances, the preference of the child is a factor to be considered by the court but not a determinative, binding factor in custody determinations. Tenn.Code Ann. § 36–6–102. We find nothing in the statute that allows us to depart from the well settled requirement that a custody change must be accompanied by a finding of a substantial and/or material change in circumstances. *Woodard,* 783 S.W.2d at 188.

The judgment of the trial court is reversed and the cause remanded to the trial court for the collection of costs which are assessed to the appellee Jerry Kenneth Harris, and for any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.