**Sheri Weiner (Kirshner) RUBIN, Plaintiff/Appellee,**

v.

**Howard Lee KIRSHNER, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Jan. 31, 1997.

Permission to Appeal Denied by Supreme Court June 30, 1997.

Mike W. Binkley, Nashville, for Plaintiff/Appellee.

John J. Hollins, Nashville, J. Russell Heldman, Franklin, for Defendant/Appellant.

## OPINION

TODD, Presiding Judge, Middle Section.

The captioned defendant has appealed from the results of post-divorce decree proceedings regarding child custody, support visitation and education, and attorneys fees. Both parties have filed issues for review by this Court.

On March 20, 1989, the parties were divorced by judgment of the Probate Court. The Court approved and adopted a Marital Dissolution Agreement which provided for joint custody, with the children primarily residing with the plaintiff (wife). The agreement also allowed the defendant husband liberal visitation. Child support was established at $145 per month per child, and provisions were made for special expenses.

Five years later, on September 30, 1994, the wife filed a petition to increase child support, to terminate joint custody and to modify the divorce decree regarding mediation.

The husband responded in opposition and counterclaimed for exclusive custody and child support.

On October 18, 1995, the cause was transferred from the Probate Court to the Fourth Circuit Court which became the Trial Court in this appeal.

On March 1, 1996, the Trial Court entered an "Order of Judgment" adopting its oral finding of facts and providing:

1. Custody of both children was awarded to the wife "with the understanding that both would attend Harding Academy."

2. Custody of both children was awarded to the husband during June, July, and August.

3. The order further provided for weekend visitation by the non-custodial parent from 5:00 to 8:00 p.m. Wednesdays, and 6 p.m. Friday to 6 p.m. Sunday, alternating spring vacation visitation and husband's control of summer camp program.

4. Husband was required to pay to the wife child support of $1,500 per month for each child for September through May, plus school tuition.

5. Wife was required to pay to the husband $1,000 per month per child for June, July and August. Attorney's fees were reserved.

6. On May 23, 1995, the Trial Court entered final judgment requiring the husband to pay $4,000 of the wife's legal fees and expenses.

On appeal, the husband presents the following issues:

1. Whether the Trial Court erred in refusing to award Mr. Kirshner sole and exclusive custody of the parties' minor children, Alison and Andrea.

A. Whether the Trial Court's findings alone conclusively demonstrate that Mr. Kirshner is a comparatively more fit parent than Mrs. Rubin and that a change from joint custody to sole custody to Mr. Kirshner will prevent substantial harm to the children and preserve their welfare.

B. Whether the Court of Appeals should award Mr. Kirshner sole and exclusive custody of the minor children because Mrs. Rubin lied at least thirteen (13) times in her trial testimony, has lied to the children and has also taught the children to lie.

C. Whether Mr. Kirshner is the comparatively more fit parent because unlike Mrs. Rubin, Mr. Kirshner provides the children an environment of love, stability, support, consistency and nurture.

II. Whether the Trial Court erred in awarding Mrs. Rubin attorney's fees of $4,000.00.

III. Whether the Court of Appeals should award Mr. Kirshner his attorney's fees incurred on appeal.

The wife presents the following issues:

I. Whether the Trial Court abused its discretion in terminating the joint custody arrangement so as to award sole custody to the mother with liberal visitation to the father.

II. Whether the Trial Court erred in failing to award child support in compliance with the guidelines.

III. Whether the Trial Court erred in failing to award only four thousand dollars ($4,000) to the mother for her attorney's fees which were incurred for the benefit of the minor children.

IV. Whether the Trial Court abused its discretion in granting excessive summer visitation to the father.

V. Whether the constitutional right to privacy protects a custodial parent's educational decisions from state intervention in the absence of a showing of substantial harm to the child.

VI. Whether the wife is entitled to her attorney's fees incurred in the instant appeal.

## CUSTODY

The husband first argues that the Trial Court found ten facts which require custody to be awarded to him. The judgment of the Trial Court states:

The Court incorporates herein, as fully as though copied herein verbatim as its findings of fact, the Court's ruling announced in open court on February 8, 1996. A copy of said ruling is filed herewith as Exhibit 1 to this Order of Judgment.

The transcript of the oral ruling of the Trial Court states:

THE COURT: As we've remarked before, I probably would bet that anybody in this room that has anything to do with the law would know that this court would have never approved that agreement that was approved in Probate Court. It was approved by a special judge, but it was a special judge's prerogative to do it. It was designed by the parties. Unfortunately it hasn't worked, as most joint custody situations do not work.

Obviously joint custody will not work for these parties because they are extremely bitter against each other, and I'll have to say that the bitterness is more on the part of Mrs. Rubin than it is on Mr. Kirshner. But What I really find that has damaged these children is the lawsuit itself. And I think probably she overreacted and took them to all these psychiatrists and psychologists because of the situation she was caught up in, and then in order to counteract her Mr. Kirshner does the same thing, because he's got to, as any normal person would, have a professional in his corner. So I've heard all that, and I'm really not impressed with Dr. Kenner or Dr. Woodman, really. But they are the professionals that have come in here and told me what's wrong with these children, and I

don't think it takes anybody with a degree to understand that the children are caught up in the middle of this trying to please mother and father.

They say they don't want to live with their daddy, and the daddy says that's because they've been alienated by the mother. I tend to agree with him somewhat. I think that she has become desperate in this situation.

But the problem is taking these children in the middle of this lawsuit to all these professionals, pulling them from pillar to post, and the way that they reacted to it. And I really think they've been over-treated. But they've been treated so much now that they probably need some to settle down after this.

I'm going to leave custody with the mother, with the understanding that both of these children will go to Harding Academy. That's it. He's willing to provide that education, and you ought to think that that's the best thing for them, and you ought to do it. Why in the world you would object to that, I do not know.

Mrs. Rubin has been very hateful to Mr. Kirshner and has made derogatory remarks because she was fighting to save these children when you got involved in this lawsuit. So I'm going to give her the benefit of a doubt in that regard, but I'm going to also for safety precautions enjoin and restrain you from making any kind of derogatory remarks about their father or attempting in any way to alienate their affection for him or the step-mother. You come across as very volatile to me, and he's very passive.

Now, Mrs. Rubin, I'm going to give you the election of having these children in further counseling for no more than six months, if they need it, but I think they've been over-counseled, but it's going to be entirely at your expense. He won't pay for any of that. And then if there's any need for counseling, it's either got to be done by an agreed order with you both signing it or I'm going to have to review it to see if they need any further counseling. Sometimes I think you've got to get these professional people out of your life.

Mr. and Mrs. Rubin are enjoined from yelling or cursing around the children or in their household, because no child likes to hear that some people live that way. That children ought not be around it. I don't guess, that I would terminate your parental rights and take custody away, but if you persist, I guess I could. Anyway, you've enjoined from that.

■ The husband relies upon the finding of "more bitterness," "alienated," "very hateful," and "derogatory remarks," none of which are specifically found to have harmed the children sufficiently to require a change of custody. Such findings are not sufficient to require this Court to revise the discretionary ruling of the Trial Court regarding principal custody. There is no finding or showing of a change in the personality or behavior of the wife since the entry of the divorce decree.

■ The husband next argues that the findings of the Trial Court show that the husband is comparatively more fit to have custody of the children because the wife is more hostile and intentionally alienates the children from him. However, there is no showing that this was not the situation when the separation agreement was signed and the divorce decree was entered. Thus the required "change of circumstances" is not shown.

Although the situation is troubling to any unbiased observer, it is not shown that the welfare of the children is being so prejudiced as to require a change because of "the exigencies of the case."

It is one thing to make an original award of custody upon a meticulous weighing of "comparative fitness." It is quite another thing to compare fitness upon the issue of a change of custody which requires a "change of circumstances," or "exigent circumstances." T.C.A. § 36–6–101(a)(1).

■ The only significant "change of circumstances" and the only "exigent circumstances" shown by this record is that "joint custody" has not worked and is adversely affecting the children. Thus, the termination of joint custody was justified. *Dalton v.*

*Dalton,* Tenn.App.1993, 858 S.W.2d 324. Since no material change of the character or behavior of either party since the divorce is shown, the award of custody to either of the joint custodians is not error.

The husband next argues that custody should be awarded to him because the wife lied thirteen times during the trial, has lied to the children and taught the children to lie. Such actions cannot have the approval by any court, but in the absence of a showing that the conduct has arisen since the divorce decree, it cannot be the basis of a change of custody unless it constitutes an "exigent circumstance," which is not shown. It is highly unlikely that children who are otherwise under the influence of truthful people will succumb to an unfortunate propensity of the mother. The more likely result would be a deterioration of respect for the mother.

■ In child custody cases, Appellate Courts give great weight to the decision of the Trial Judge who saw and heard the parties testify. *Bush v. Bush,* Tenn.App.1984, 684 S.W.2d 89, 95; *Riddick v. Riddick,* Tenn. App.1973, 497 S.W.2d 740, 742.

Insufficient grounds are shown for the reversal of the custody decision of the Trial Judge, which will be affirmed.

Finally, the husband complains of the award of $4,000 attorneys fee to the wife and requests that he be awarded attorney's fees.

■ The award of fees in child custody and support cases is within the sound discretion of the Trial Judge which ordinarily will not be disturbed on appeal. No ground is found for varying the general rule.

### CHILD SUPPORT

The wife complains that the award of $1,500 per month per child child support does not conform with the applicable child support guidelines.

■ The income of the husband exceeds $6,250 per month. The guidelines designate 32% or $2,110.00 per month as the presumptively correct child support for two children of a non-custodial parent receiving income of $6,250 per month. Facially, the $1,150 per month allowed by the Trial Judge does not conform to this guideline. The guidelines require a non-conforming support order to articulate reasons for the deviation. The order of the Trial Court states:

The Court deviates from the Tennessee Child Support Guidelines because respondent, Howard Lee Kirshner, will be paying tuition for both children at Harding Academy, and has an investment program for them, and has set aside considerable sums of money for the children and their education.

D.H.S. Rule 1240–2–4–04(3) reads as follows:

(3) The court must order child support based upon the appropriate percentage of all net income of the obligor as defined according to 1240–2–4–.03 of this rule but alternative payment arrangements may be made for the award from that portion of net income which exceeds $6,250. When the net income of the obligor exceeds $6,250 per month, the court may establish educational or other trust funds for the benefit of the child(ren) or make other provisions in the child(ren)'s best interest; however, all of the support award amount based on net income up through $6,250 must be paid to the custodial parent.

T.C.A. § 36–5–101(e)(1) states:

In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

It appears that the Trial Court did not comply with the quoted statute in departing from the mandatory guidelines. It is necessary that the cause be remanded for any necessary proceedings leading to an award of child support in conformity with the guidelines or an adequate explanation for not doing so with finding of specific facts in support of the explanation. The guide lines, above, state "the court may establish" trust funds.

The wife next complains that the $4,000 awarded to her as part of her legal expenses was inadequate and should be increased. This Court does not doubt the justice of the claim of counsel for services to the wife, but this Court is convinced, as was the Trial Judge, that both parties required extensive services from their respective attorneys; but the demanded services were, for the most part, unnecessary. A reasonable and conciliatory attitude on the part of both parties would have enabled counsel to handle this litigation with far less expense.

A strict rein on the amount of attorneys fees awarded will, hopefully, encourage a restraint in unnecessary litigation. Acting within its discretion, this Court is not disposed to grant further fees to either party.

The wife complains that excessive summer visitation was awarded to the father. The wife claims confusion as to the technical status of custody. The result of the order of the Trial Judge is a change from the agreed joint custody to a divided custody in which the children will be in the custody of the wife during the school year and in the custody of the father during the summer vacation from school. This Court agrees with the Trial Court that such division of custody is for the best interest of the children.

The wife next complains that her constitutional right to privacy was violated by requiring the children to be enrolled at a private school at the expense of the father. This Court shares the dismay of the Trial Judge at the opposition of the wife to attendance at a private school. Divorced parents must realize that, when they terminate their marriage, the Courts become the "parens patriae" of their children and are empowered to determine what is best for the children, despite the opposition of parents.

The wife offers no valid criticism of the school to be attended or other valid reason why the decision of the Trial Court in this regard should be reversed.

Finally, the wife requests an additional award of attorneys fees for this appeal. This request was denied above.

The cause is remanded to the Trial Court for further consideration of the correct amount of child support. In all other respects, the judgment of the Trial Court is affirmed. Costs of the appeal are assessed to the parties equally.

AFFIRMED IN PART, REMANDED IN PART.

LEWIS and CANTRELL, JJ., concur.