IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
JULY 11, 2001 Session

## DEE ANN WOOLMAN v. EARL CLENTON WOOLMAN

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-98460; The Honorable Russ Heldman, Judge**

---

**No. M2000-02346-COA-R3-CV - Filed December 28, 2001**

---

The Appellant and the Appellee are the parents of three minor children. Following the Appellant and the Appellee's divorce, they shared joint legal and physical custody of the children. The Appellant filed a Petition for Modification of Custody in the Circuit Court of Williamson County seeking to relocate with the children to Illinois. Following the close of the Appellant's proof at the hearing on the Petition, the Appellee made a Motion to Dismiss. The trial court granted the Motion to Dismiss and awarded attorney's fees to the Appellee.

The Appellant appeals the order entered by the Circuit Court of Williamson County granting the Motion to Dismiss and awarding attorney's fees to the Appellee. For the reasons stated herein, we affirm in part and reverse in part the trial court's decision. We remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part & Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Rebecca E. Byrd, Franklin, TN, for Appellant

Joanie L. Abernathy, Franklin, TN, for Appellee

### OPINION

### I. Facts and Procedural History

On March 23, 1999, the Appellant, Dee Ann Woolman ("Ms. Woolman"), and the Appellee, Earl Clenton Woolman ("Mr. Woolman"), were divorced by Final Decree of Divorce on the grounds of irreconcilable differences. The Final Decree of Divorce provided that the parties would share joint and legal physical custody of their three minor children. (Id.). The Final Decree of Divorce provided

that the children would spend one week each month with Ms. Woolman during the school year and three weeks each month with Ms. Woolman during the summer months. The Final Decree of Divorce also provided that neither party change the residence of the children outside of Williamson County, Tennessee without first obtaining written authorization of the other party or approval of the court.

In January, 2000, Ms. Woolman received notice that her job was ending and began looking for another job. Ms. Woolman claims that she made all efforts to obtain a job in the same location; however, she eventually accepted a job in Illinois. On April 20, 2000, Ms. Woolman filed a Petition for Modification of Custody in the Circuit Court of Williamson County. The Petition alleged that there had been a substantial and material change in circumstances to warrant a modification of custody in that Ms. Woolman had moved to Illinois. The Petition alleged that the move to Illinois was in the children's best interest and requested that Ms. Woolman be named the primary physical custodian of the children. On July 19, 2000, Mr. Woolman filed an Answer to Petition for Modification of Custody. The Answer denied that there had been a substantial and material change in circumstances and denied that it was in the children's best interest to change their primary residence to Illinois.

The hearing on the Petition was held on July 20, 2000. At the close of Ms. Woolman's proof, Mr. Woolman made a Motion to Dismiss in accordance with Rule 41.02(2) of the Tennessee Rules of Civil Procedure. Mr. Woolman argued that the proof failed to show a significant and material change in circumstances and should not withstand the Motion to Dismiss. On July 27, 2000, Mr. Woolman filed Defendant's Brief in Support of Motion to Dismiss. Ms. Woolman filed Brief in Support of Plaintiff's Position that a Material Change in Circumstances has Occurred since the Prior Custody Order. On August 10, 2000, the trial court entered an Order granting the Motion to Dismiss. The trial court awarded attorney's fees to Mr. Woolman. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

The following two issues are presented for our review:

(1) whether the trial court erred by refusing to allow the children to relocate to Illinois with Ms. Woolman; and
(2) whether the trial court erred by awarding Mr. Woolman attorney's fees and failing to award Ms. Woolman attorney's fees.
We will address each issue in turn.

The first issue presented for our review is whether the trial court erred by refusing to allow the children to relocate to Illinois with Ms. Woolman. Tennessee law on the issue of parental relocation is governed by section 36-6-108 of the Tennessee Code. Section 36-6-108 delineates between parents who spend substantially equal amounts of time with their children and those who do not. See TENN. CODE ANN. § 36-6-108 (Supp. 2000). Section (c) governs parental relocation where the parents are spending substantially equal amounts of time with the child. See id. Section (d) governs parental relocation where the relocating parent is spending the greater amount of time with the child. See id. In the case at bar, the parties testified that they spent substantially equal amounts of time with the children. The trial court found that the parties exercised "pure joint legal and physical custody of the children and spent substantial, equal intervals of time caring for them." Accordingly, the applicable provision in this case is section 36-6-108(c) which requires the application of a best interest analysis in determining whether relocation is appropriate. Section 36-6-108(c) provides the following:

> (c) If the parents are actually spending substantially equal intervals of time with the child and the relocating parent seeks to move with the child, the other parent may, within thirty (30) days of receipt of notice, file a petition in opposition to removal of the child. No presumption in favor of or against the request to relocate with the child shall arise. The court shall determine whether or not to permit relocation of the child based upon the best interests of the child. The court shall consider all relevant factors including the following where applicable:
> (1) The extent to which visitation rights have been allowed and exercised;
> (2) Whether the primary residential parent, once out of the jurisdiction, is likely to comply with any new visitation arrangement;
> (3) The love, affection and emotional ties existing between the parents and child;
> (4) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;
> (5) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment;
> (6) The stability of the family unit of the parents;
> (7) The mental and physical health of the parents;
> (8) The home, school and community of the parents;
> (9) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;
> (10) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; and

> (11) The character and behavior of any other person who resides in
> or frequents the home of a parent and such person's interactions with
> the child.

TENN. CODE ANN. § 36-6-108(c).

In denying Ms. Woolman's request to relocate with the children to Illinois, the trial court stated that it considered the relevant factors set forth in section 36-6-108(c). The trial court stated that, in light of those factors as applied to the evidence, relocation to Illinois would not be in the best interest of the children. At the hearing on the Petition, the trial court heard testimony from Ms. Woolman, Mr. Woolman, Ms. Woolman's father, and the parties' fourteen-year-old daughter, Jessie. Upon reviewing the record, we cannot say that the evidence preponderates against a finding that relocation to Illinois would not be in the best interest of the children.

Ms. Woolman testified that her job in Illinois requires her to travel to Asia four times per year for two weeks at a time. Her job also requires travel within the United States. Ms. Woolman testified that a majority of her travel could take place while Mr. Woolman had the children. Ms. Woolman also testified that her father had agreed to stay with the children when she traveled.

Ms. Woolman testified that she has been diagnosed with depression and has had suicidal thoughts since the divorce. Ms. Woolman testified that her depression is controlled by her medication. Ms. Woolman testified that she drinks socially three times per week. Since the divorce, Ms. Woolman has had three boyfriends. Ms. Woolman's current boyfriend, Paul, whom she had been dating for three months at the time of the hearing, stayed overnight with the children while she was on a business trip. Ms. Woolman testified that she never told Mr. Woolman that Paul stayed overnight with the children. Ms. Woolman testified that the children like Paul.

At the time of the hearing, Mr. Woolman had a girlfriend, Susan, whom he had been dating for ten months. Jessie testified that Mr. Woolman and Susan are affectionate in public. Ms. Woolman testified that she told Jessie that Susan was rude. Jessie testified that she liked Paul but did not like Susan due to a personality clash. Ms. Woolman testified that she was not concerned about Susan.

The parties' twelve-year-old daughter, Alyssa, has anxiety disorder and sensory integration dysfunction which results in temper tantrums, or "meltdowns" as referred to by the parties. Ms. Woolman testified that she did research on Alyssa's condition and has had success with Alyssa in implementing behavior modification. Ms. Woolman testified that Alyssa's teachers in Williamson County also implemented behavior modification which resulted in improvements. Ms. Woolman testified that she has had to call Mr. Woolman twice to handle Alyssa's meltdowns.

Mr. Woolman testified that he has implemented behavior modification by putting less pressure on Alyssa and giving her more latitude in her choices. On one occasion, Alyssa hit Mr. Woolman. Mr. Woolman restrained Alyssa by sitting on her and pinning down her wrists. Mr. Woolman

testified that he did not place any weight on Alyssa. Mr. Woolman testified that he has yelled at Alyssa. Jessie testified that Mr. Woolman has left Jessie alone with Alyssa during a meltdown. Mr. Woolman denies leaving Jessie alone with Alyssa during a meltdown. Jessie testified that Alyssa has hit her siblings, has thrown things, and has tried to hurt herself. Jessie testified that Alyssa acts better at Ms. Woolman's house.

The children have lived in Mr. Woolman's house since at least five years prior to the divorce. Ms. Woolman testified that she had no complaints about the Williamson County School District or how they were handling Alyssa's special needs. Ms. Woolman also testified that Alyssa is an inflexible child that needs the least amount of classroom changes. Ms. Woolman's father, who lives in Nashville, Tennessee, testified that he has a close relationship with the children. Jessie testified that she preferred to live with her mother. Jessie testified that she loved her father but that she needs her mother right now and does not feel comfortable in her father's house. Jessie testified that her father's house is unkept.

From our review of the record, we are unable to find that the evidence preponderates against the trial court's finding that relocation to Illinois would not be in the best interest of the children. Accordingly, we affirm the trial court's decision refusing to allow the children to relocate to Illinois with Ms. Woolman.

In addition to denying Ms. Woolman's request to relocate with the children, the trial court declined to modify the existing custody arrangement. In child custody cases, the law is well established that when a decree awarding custody of children has been entered, "that decree is res judicata and is conclusive in a subsequent application to change custody unless some new fact has occurred which has altered the circumstances in a material way to make the welfare of the children require a change in custody." Long v. Long, 488 S.W.2d 729, 731-32 (Tenn. Ct. App. 1972) (citing Hicks v. Hicks, 176 S.W.2d 371 (Tenn. Ct. App. 1943)). In other words, once the trial court has made an initial determination with respect to custody, it cannot entertain a subsequent petition to modify custody absent a material change in circumstances such that the welfare of the child demands a redetermination. See, e.g., Massengale v. Massengale, 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995).

The party seeking a change in custody has the initial burden of showing a material change in circumstances which affects the welfare of the child. See Harris v. Harris, 832 S.W.2d 352, 353 (Tenn. Ct. App. 1992). A "material change in circumstances" justifying modification of a child custody order may include factors arising after the initial determination or changed conditions that could not be anticipated at the time of the original order. See Blair v. Badenhope, 940 S.W.2d 575, 576 (Tenn. Ct. App. 1996) (citing Dalton v. Dalton, 858 S.W.2d 324 (Tenn. Ct. App. 1993)). If the party seeking a change in custody satisfies the burden of proving a material change in circumstances, the trial court will then consider the petition to modify custody using a best interests standard. See Woolsey v. McPherson, No. 02A01-9706-JV-00125, 1998 WL 760950, at *2 (Tenn. Ct. App. Nov. 2, 1998).

In situations where one parent is moving, the law in Tennessee states that a move, in and of itself, does not constitute a material change in circumstances. See Adelsperger v. Adelsperger, 970 S.W.2d 482, 486 (Tenn. Ct. App. 1998). The fact that a joint custody arrangement is no longer working, however, does constitute a material change in circumstances which warrants a change of custody. See Rubin v. Kirshner, 948 S.W.2d 742, 745 (Tenn. Ct. App. 1997); Dalton, 858 S.W.2d at 326; Dodd v. Dodd, 737 S.W.2d 286, 290 (Tenn. Ct. App. 1987).

In the case at bar, the trial court found that the evidence did not support a finding that there had been a material change in circumstances which authorized the trial court to change custody. The trial court stated, "it is apparent that joint legal and physical custody will not 'work' should mother be allowed to relocate a residence of the children to Rockford, Illinois." The trial court stated that the mother should simply find work in Tennessee such that the parties can continue to share joint custody of the children. It is doubtful, however, that Ms. Woolman will return to live in Tennessee in the near future. Ms. Woolman testified at the hearing that she was unable to find a job in Tennessee, that she has already secured employment in Illinois, and that she has bought a house in Illinois. The trial court failed to address the issue of custody in the event Ms. Woolman remains in Illinois. Rather, the trial court found that it was not in the best interest of the children to relocate with Ms. Woolman to Illinois.

The existing custody arrangement is unworkable under the circumstances. The Final Decree of Divorce states that Ms. Woolman will have the children one week each month during the school year. Additionally, the parties testified that they were spending substantially equal amounts of time with the children prior to the move. Neither party had been designated as the primary physical custodian of the children. As long as Ms. Woolman remains in Illinois, she will be unable to share joint physical custody of the children with Mr. Woolman. The children will be unable to spend one week each month during the school year with Ms. Woolman, much less substantially equal amounts of time. We find that the unworkability of the joint physical custody arrangement is a material change in circumstances warranting a change of custody. We reverse the trial court's finding that there had not been a material change in circumstances to warrant changing custody and remand this case to the trial court for a determination of custody, visitation, and child support.

The second issue presented for our review is whether the trial court erred by awarding Mr. Woolman attorney's fees and failing to award Ms. Woolman attorney's fees. Section 36-5-103(c) of the Tennessee Code provides that a person to whom custody of a child is awarded "may recover from the other spouse reasonable attorney fees incurred . . . in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child." TENN. CODE ANN. § 36-5-103(c) (Supp. 2000). The decision to award attorney's fees is within the sound discretion of the trial court. See Richardson v. Richardson, 969 S.W.2d 931, 936 (Tenn. Ct. App. 1997) (citation omitted). An appellate court will not overturn a trial court's award of attorney's fees absent an abuse of discretion. See Garfinkel v. Garfinkel, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996). Upon our review of the record, we find no abuse of discretion on the part of the trial court in its award of attorney's fees. We affirm the trial court's award of attorney's fees to Mr. Woolman.

## IV.  Conclusion

For the foregoing reasons, the decision of the trial court is affirmed in part and reversed in part.  We remand the case to the trial court for further proceedings consistent with this opinion.  Costs of this appeal are taxed against the Appellant, Dee Ann Woolman, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE