IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 27, 2005 Session

## KEVIN SCAIFE v. ADRIENNE SCAIFE

**Appeal from the Circuit Court for Hamilton County**
**No. 03D1851      Jacqueline E. Schulten, Judge**

**No. E2004-01087-COA-R3-CV - FILED FEBRUARY 8, 2005**

In this divorce case, the trial court designated Adrienne Scaife ("Mother") as the primary residential parent of the parties' children, Laniesha Scaife (DOB: August 10, 1992) and Kevin Scaife, Jr. (DOB: July 18, 1996). The children's father, Kevin Scaife ("Father"), appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D.MICHAEL SWINEY and SHARON G. LEE, JJ., joined.

Barry L. Gold, Chattanooga, Tennessee, for the appellant, Kevin Scaife.

Lisa Z. Bowman, Chattanooga, Tennessee, for the appellee, Adrienne Scaife.

**OPINION**

I.

The sole issue raised by Father is "whether the trial court erred in designating Mother the primary residential parent of the parties' children." Without making specific findings of fact pertaining to this issue, the trial court concluded that

> [p]rimary residential parenting by all the evidence before the [c]ourt
> . . . should be granted to the mother . . . .

The trial court went on to adopt Mother's proposed parenting plan pertaining to Father's residential time with the children and other associated issues.

II.

In custody/visitation cases, trial courts are vested with broad discretion. ***Suttles v. Suttles***, 748 S.W.2d 427, 429 (Tenn. 1988). However, that discretion must be exercised in a manner consistent with the statutory factors set forth in Tenn. Code Ann. § 36-6-106 (2001), to the extent that the listed factors are implicated by the facts of a given case. In reviewing awards of custody, appellate courts "give great weight to the decision of the [t]rial [j]udge who saw and heard the parties testify." ***Rubin v. Kirshner***, 948 S.W.2d 742, 746 (Tenn. Ct. App. 1997).

The Supreme Court has addressed abuse of discretion as follows:

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

Our review is *de novo* upon the record of the proceedings below. Tenn. R. App. P. 13(d). That record comes to us accompanied by a presumption of correctness as to the trial court's factual findings – a presumption we must honor unless the evidence preponderates against those findings. *Id*. If the trial court fails to make factual findings – as is the situation in the case now before us – there are no findings to which the presumption of correctness can attach. ***Kelly v. Kelly***, 679 S.W.2d 458, 460 (Tenn. Ct. App. 1984). In such a case, we must independently decide where the preponderance of the evidence lies. ***Crabtree v. Crabtree***, 16 S.W.3d 356, 360 (Tenn. 2000).

III.

Much of the testimony in this case falls within the rubric of "he says, she says." There is a sharp dispute in the testimony of the parties as to (1) who was the most-involved parent; (2) who went to school functions; (3) who cooked the meals; (4) who cleaned the parties' house; (5) whether Father committed acts of violence in the presence of the parties' children; (6) whether the children were left in day-care at a time when Mother was a stay-at-home mom; and the like. Father places great emphasis on Mother's drinking and marijuana use; Mother and a friend minimize Mother's drinking and Mother denies current marijuana use. As previously noted, the trial court did not make factual findings on these or other factual disputes. As to these specific disputes, we, as an appellate court who did not observe the witnesses "live," are at a loss to determine who is telling the truth on the above-referenced matters.

There are, however, facts before us that tip the scales in Mother's favor on the issue of who should be designated as the primary residential parent. The proof is undisputed that, six months prior to filing for divorce, Father adopted Mother's child by a previous relationship; this action was taken by him despite his belief – contrary to that of Mother's – that the parties had had problems in their marriage since 2000. It is also clear that Father asked the adoptive child's paternal grandmother if she would be interested in taking the child recently adopted by him if he got custody of the two children. In other words, he was apparently unconcerned about breaking up the children[1] at a time when he supposedly wanted custody of both of them.

There is also evidence that Father, upon leaving the marital residence when the parties separated, took steps to take the utilities out of his name. He did this at a time when he had to know that the withdrawing of his financial support with respect to this obligation might well result in the cutting off of utilities to the residence of his children. In fact, utilities were cut off for a brief period of time. Our judgment is also influenced by the fact that as of the time of the two-day hearing below, Father had not given Mother any money toward the children's support.

In our judgment, the evidence preponderates in favor of factual findings supporting a holding that Mother is the more comparatively-fit person to be designated as the primary residential parent of these two minor children. We also note, in passing, that Father's counsel, in closing argument, only sought a decree of joint custody and never specifically asked the court to designate his client as the primary residential parent.

Father's issue is found adverse to him.

IV.

Mother seeks an award of fees for "defending this appeal." Exercising our discretion, we hold that she is entitled to such an award. *See* Tenn. Code Ann. § 36-5-103(c) (Supp. 2001). This case is remanded to the trial court to set an appropriate award for Mother's reasonable fees and expenses incurred in connection with this appeal.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed against the appellant, Kevin Scaife. This case is remanded for further proceedings and for collection of costs taxed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1] Father lived in Chattanooga while the paternal grandmother was a resident of Nashville.